UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DERRICK D. BAKER,

        Plaintiff,

            v.                              CAUSE NO.: 1:24-CV-96-TLS-JEM

MEGAN,

        Defendant.

## OPINION AND ORDER

Derrick D. Baker, a prisoner without a lawyer, filed a Complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baker alleges that he is allergic to antibiotics that are made with sulfur or sulfates, but on February 24, 2024, the Allen County Jail on-call medical provider, Nurse Practitioner Megan, prescribed him one anyway. The next day, when he was given the medication, he had an allergic reaction. His throat became irritated, and it was difficult to breathe; his whole body became itchy and felt like it caught fire; and he began to break out in hives. When that happened, he was given Benadryl to counteract the allergic reaction and was placed under observation.

Baker sues Nurse Practitioner Megan, who prescribed the antibiotic, alleging she prescribed it without first checking his medical records for allergies. He asserts that it is clearly

stated in his medical records that he is allergic to this medication and Nurse Practitioner Megan failed to check before she prescribed this medication.

Baker alleges in the Complaint that this happened while he was confined, awaiting trial. ECF No. 1 at 4. However, public records indicate that on November 27, 2023, he was sentenced to a term of imprisonment at the Indiana Department of Correction after pleading guilty to an escape charge. *See Indiana v. Baker*, No. 02D06-2302-F6-219 (Allen Super. Ct. decided Nov. 27, 2023), available at mycase.in.gov.[1] He remains at the Allen County Jail pending resolution of other charges. *See Indiana v. Baker*, No. 02D06-2306-F3-41 (Allen Super. Ct. filed June 16, 2023); *Indiana v. Baker*, No. 02D06-2304-F2-20 (Allen Super. Ct. filed Apr. 17, 2023). Thus, following his sentencing on November 27, 2023, Eighth Amendment standards apply to his confinement. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, medical providers may not be deliberately indifferent to a substantial risk of serious harm to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). Negligence or medical malpractice does not establish an Eighth Amendment violation. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Baker will be allowed to proceed

---

[1] The Court is permitted to take judicial notice of public records at the pleading stage. Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

against Nurse Practitioner Megan. Through discovery, he can learn what facts she knew about his medical condition and medical history when making her prescribing decision to determine whether she acted negligently or whether her actions crossed the line into deliberate indifference.

For these reasons, the Court hereby:

(1) GRANTS Derrick D. Baker leave to proceed against Nurse Practitioner Megan in her individual capacity for compensatory and punitive damages for prescribing him an antibiotic on February 24, 2024, that he was allergic to with deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Megan at Quality Correctional Care, LLC, with a copy of this Order and the Complaint (ECF No. 1);

(4) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Megan to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 25, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT